UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

CURTIS WADE WOODWARD,                )
                                     )
            Plaintiff,               )
                                     )
      v.                             )      No. 2:21-cv-00472-JPH-DLP
                                     )
S. TIERNEY C.O.,                     )
C. MANLEY Correctional Sergeant,     )
                                     )
            Defendants.              )

**Order Denying Motion for Temporary Restraining Order, Motion for Protective Order, and Motion for Assistance with Recruiting Counsel**

Plaintiff Curtis Woodward, an inmate at Wabash Valley Correctional Facility ("Wabash Valley"), filed this action pursuant to 42 U.S.C. § 1983, alleging that defendants Officer Simon Tierney and Sgt. Caleb Manley used excessive force against him and were deliberately indifferent to his serious medical needs. The Court addresses Mr. Woodward's motion for temporary restraining order, motion for protective order, and motion for counsel.

**I.      Motion for Temporary Restraining Order and Motion for Protective Order**

Mr. Woodward has filed a motion for temporary restraining order. Dkt. 31. He subsequently filed a document titled "Original Request for Temporary Restraining Order," which details the same incident and requests the same relief. Dkt. 32. Thus, this analysis applies to both motions, but the Court refers entirely to the motion for temporary restraining order at docket 31.

Mr. Woodward alleges that on May 26, 2022, Officer Tierney walked by his cell and said, "How are you doing snitch?" and then walked away. Dkt. 31 at 1. Other inmates heard Officer Tierney call him a snitch, so they started to threaten to hurt Mr. Woodward and his family. *Id.* Mr. Woodward called the Office of Investigation and Intelligence ("OII") and spoke with OII Officer

1

Davis, who informed Mr. Woodward he would be moved. Mr. Woodward was transferred to a different range the next day.

Mr. Woodward believes that Officer Tierney called him a snitch in retaliation for filing this lawsuit. He requests that Officer Tierney be reassigned from Mr. Woodward's housing unit and be kept away from him until the resolution of this lawsuit. *Id.* at 2.

Rule 65 of the Federal Rules of Civil Procedure authorizes district courts to issue two forms of temporary injunctive relief: preliminary injunctions and temporary restraining orders. Courts generally apply the same equitable standards to a motion for a temporary restraining order as they do to a motion for a preliminary injunction. *See International Profit Associates, Inc. v. Paisola*, 461 F. Supp. 2d 672, 675 (N.D. Ill. 2006) (collecting cases). "The essence of a temporary restraining order is 'its brevity, its ex parte character, and . . . its informality.'" *Decker v. Lammer*, 2022 WL 135429, *2 (7th Cir. Jan. 14, 2022) (quoting *Geneva Assurance Syndicate, Inc. v. Med. Emergency Servs. Assocs. (MESA) S.C.*, 964 F.2d 599, 600 (7th Cir. 1992)). Further, "[a] temporary restraining order may not exceed 14 days without good cause." *Id.* (citing Fed. R. Civ. P. 65(b)(2)). Mr. Tierney's motion seeks separation from Officer Tierney until the conclusion of this case, and the defendants responded to the motion. Thus, the motion for a temporary restraining order is better understood as a motion for preliminary injunction.

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh

the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.*

Mr. Woodward has not shown he will suffer irreparable harm absent an injunction. Irreparable harm is "harm that 'cannot be repaired' and for which money compensation is inadequate." *Orr*, 953 F.3d at 502 (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997)). The plaintiff must show "that he will *likely* suffer irreparable harm absent obtaining preliminary injunctive relief." *Id.* (cleaned up). After reporting Officer Tierney's comment and the inmates' subsequent harassment to the OII, Mr. Woodward was immediately transferred to another range. Dkt. 31 at 2; dkt. 32 at 1. Thus, any harm that could foreseeably arise from the comment was averted.

Because Mr. Woodward has not met this threshold requirement, his motion for temporary restraining order, dkt. [31], and motion for protective order, dkt. [32], both of which are construed as requests for preliminary injunctions, are **denied**.

## II.    Motion for Assistance with Recruiting Counsel

Mr. Woodward's motion for assistance recruiting counsel, dkt. [36], has been considered. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult

decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Woodward has contacted only two attorneys with requests for representation, and there is no indication in his motion that he lacks the ability or resources to contact other attorneys. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. His motion for assistance with recruiting counsel, dkt. [36], must therefore be **denied**.

But even considering the second inquiry, Mr. Woodward has demonstrated that he is competent to litigate at this stage. "The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those

claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt,* 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan, 987 F.3d at 682* (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Mr. Woodward is proceeding on a claim that the defendants used excessive force by spraying him with an entire bottle of OC spray, assaulting him, and refusing to provide him a decontamination shower. These claims are not factually or legally complex. Mr. Woodward states that he dropped out of high school in the 11th grade, has not pursued further education, and has an IQ of 70. An IQ of 70 would indicate that Mr. Woodward has a deficit in intellectual functioning. *Webster v. Watson*, 975 F.3d 667, 677 (7th Cir. 2020) (citing *Atkins v. Virginia*, 536 U.S. 304, 308 n.3 (2002)). Mr. Woodward puts forth no evidence that he has such a deficit. Mr. Woodward has litigated this case without anyone's assistance. His pleadings are coherent and cogent and demonstrate a general grasp of the legal issues and how to exchange discovery. Accordingly, he is competent at this time to proceed on his own.

At this time, Mr. Woodward's motion for assistance recruiting counsel, dkt. [36], is **denied without prejudice**. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

### III.   Conclusion

Mr. Woodward's motion for a temporary restraining order, dkt. [31], and motion for protective order, dkt. [32], construed as requests for a preliminary injunction, are **denied** because Mr. Woodward has not shown he is at risk of irreparable harm.

Mr. Woodward's motion for counsel, dkt. [36], is **denied without prejudice**. Mr. Woodward has not made a sufficient effort to recruit counsel before seeking the Court's assistance, and his filings demonstrate he is competent to proceed on his own at this stage of the case.

**The clerk is directed** to update the docket to reflect the full names of the defendants are Caleb Manley and Simon Tierney.

**SO ORDERED.**

Date: 10/3/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CURTIS WADE WOODWARD
221320
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel